UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Dean Bailey, Sr., <br><br> PLAINTIFF <br><br> v. <br><br> Officer Joseph Correll; Chief Jeramy Vinson, <br><br> DEFENDANTS | Case No. 0:23-cv-1636-JFA <br><br><br> **ORDER** |

## I.   INTRODUCTION

Donald Dean Bailey, Sr., ("Bailey"), proceeding *pro se* and in *forma pauperis*, filed this civil action against the above-named defendants alleging various violations of his rights under § 1983. (ECF No. 1). The complaint was referred, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), to United States Magistrate Judge Paige Gossett.

On May 3, 2023, the Magistrate Judge issued a proper form order, directing Plaintiff to bring his case into proper form by May 24, 2023. (ECF No. 8). Thereafter, Plaintiff filed an Amended Complaint on May 19, 2023. (ECF No. 14). The Magistrate Judge issued a second proper form order on June 2, 2023. (ECF No. 19). At that time, Plaintiff was given until June 16, 2024 to bring the case into proper form. Plaintiff filed a Second Amended Complaint on June 20, 2023. (ECF No. 22). On December 22, 2023, the Defendants filed a Motion for Summary Judgment. (ECF No. 53). Plaintiff was directed to respond to the Motion for Summary Judgment, and he filed a Response in Opposition on January 8, 2024. (ECF No. 59). Thereafter, the Magistrate Judge issued

a Report and Recommendation ("Report") recommending that the defendants' motion for summary judgment be granted. (ECF No. 65). Plaintiff was directed to file his objections to the Report by July 23, 2024.

The matter now comes before this Court for review of the Report filed by the Magistrate Judge. (ECF No. 65). The Report recommends that Defendants' motion for summary judgment be granted. (ECF No. 65 at 10). No objections have been filed and the deadline to file objections to the Report has passed. Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM*

*Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.   DISCUSSION

The Report prepared by the Magistrate Judge recommends that Defendants' motion for summary judgment be granted. (ECF No. 65). When the Report was issued, Plaintiff was advised of his right to file objections to the Report. *Id*. Specifically, Plaintiff was advised that objections were to be submitted by July 23, 2024. *Id*. To date, Plaintiff has submitted no objections to the Report. As Plaintiff has failed to raise any objections, the Court is not required to give an explanation for adopting the recommendation. A review of

the Report and other related filings indicates that the Magistrate Judge correctly concluded that Defendants' motion for summary judgment should be granted.

## IV.  CONCLUSION

The Court has carefully reviewed the Report, Plaintiff's Complaint, and other relevant filings. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons stated by the Magistrate Judge, the Report, ECF No. 65, is **ACCEPTED**. The Motion for Summary Judgment, ECF No. 53, is **GRANTED**.

**IT IS SO ORDERED.**

August 14, 2024                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge